United States Court of Appeals,

Fifth Circuit.

No. 97-30305.
Summary Calendar

Phillip T. STILL, Plaintiff-Appellant,

v.

FREEPORT-McMORAN, INC., Defendant-Appellee.

Aug. 27, 1997.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

Phillip T. Still appeals the district court's grant of summary judgment in favor of his former employer, Freeport McMoran, Inc. ("Freeport"). Still had sued Freeport, maintaining that he had been fired because of a disability in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 et seq. The district court dismissed the suit on Freeport's motion for summary judgment. Because Still is not legally disabled under the ADA, the district court's judgment is affirmed.

I

Freeport is a petroleum exploration company. In 1988, Freeport hired Still to serve as a safety equipment clerk. In June 1993, Still was transferred to Freeport's Caminada Mine, to serve as a warehouse clerk. Freeport ceased all operations at Caminada Mine on March 15, 1994, and job transfers were offered to 55 Caminada Mine employees. Freeport laid off the remaining 39

1

employees.

Freeport offered Still a transfer to another facility to work as an outside rig worker. Still, who is blind in one eye, refused the transfer believing that his limited sight made the position too dangerous for him to perform. He was therefore discharged. Still maintains that this discharge violated the ADA.

The district court granted Freeport's motion for summary judgment, holding that Still was not disabled within the meaning of the ADA because his partial blindness did not substantially limit a major life activity. The court also held that he was not a qualified individual with a disability because he could not perform the essential functions of the job of an outside rig worker with or without reasonable accommodation. We affirm this judgment.

II

To make out a prima facie case of discrimination under the ADA, a plaintiff must show that (a) he has a disability; (b) he is a qualified individual for the job to which he is applying; and (c) that an adverse employment decision was made solely because of his disability. *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758 (5th Cir.1996).

Still has failed to demonstrate that he is disabled under the statute. The ADA defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(1).

Still contends that his blindness in one eye is a "physical impairment that substantially limits one or more of the major life activities." Major life activities include "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Still concedes that he can care for himself, walk, hear, speak, breath, and learn without impairment. He contends, however, that his partial blindness qualifies as a disability because it "substantially limits" his "seeing and working." This contention is without record support.

There is no dispute that Still's remaining eye functions normally. Moreover, although his peripheral vision is limited by his partial blindness, Still is able to perform normal daily activities. For example, he drives both cars and motorcycles, and is a certified marksman. Still offers no evidence that he is unable to engage in any usual activity because of his partial blindness. Therefore, Still's sight is not "substantially limited."

Moreover, Still is not substantially limited from working. A person is substantially limited from working if he or she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(I); *Dutcher v. Ingalls*

3

*Shipbuilding,* 53 F.3d 723, 726 (5th Cir.1995).[1]

Still has introduced no evidence that he is significantly restricted in performing any job, other than an outside rig worker. To the contrary, his employment history demonstrates that Still has worked as a security officer for the United States Department of the Navy.  He also has served as Acting Sergeant for the Jefferson Parish Sheriff's Office, and Road Deputy for the Sheriff's Office.

---

[1]The regulations accompanying the ADA provide that

> (I)  The  term  substantially  limits  means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes  as  compared  to  the  average  person  having comparable training, skills and abilities.  The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.
>
> (ii) In addition to the factors listed in paragraph (j)(2) of this section, the following factors may be considered in determining whether an individual is substantially limited in the major life activity of "working":
>
> (A) The geographical area to which the individual has reasonable access;
>
> (B) The job from which the individual has been disqualified because of an impairment, and the number and types  of  jobs  utilizing  similar  training,  knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs);  and/or
>
> (C) The job from which the individual has been disqualified because of an impairment, and the number and types  of  other  jobs  not  utilizing  similar  training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

29 C.F.R. § 1630.2(j)(3); *Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 192 (5th Cir.1996).

He currently works one day a month as a reserve officer for the City of Gretna, and has held this position for twelve years. These positions require Stills to be involved in strenuous and potentially dangerous work. Still has also worked as a sales representative for an oil company. He is certified as an Emergency Medical Technician. Currently, Stills works as a field accountant. This wide variety of work experiences demonstrates that Still is able to perform a "broad range" of jobs, and is not legally disabled.

III

Even if there was record evidence that Still was disabled, we would still affirm the district court's judgment. The district court held that Still was not a "qualified individual" under the ADA. Before a plaintiff may prevail under the ADA, it must be shown that the plaintiff is qualified to perform the job he or she holds or desires.

There is no dispute that Still's job as a warehouse clerk at the Caminada Mine was eliminated when the plant was closed. Freeport had no contractual or statutory obligation to create a new job for him at another location. *See White v. York Int'l Corp.,* 45 F.3d 357, 362 (10th Cir.1995) (noting "the ADA does not require an employer to promote a disabled employee as an accommodation, nor must an employer reassign the employee to an occupied position, nor must the employer create a new position to accommodate the disabled worker.") (citing 29 C.F.R. pt. 1630, App. § 1630.2(*o*)); *Gile v. United Airlines, Inc.,* 95 F.3d 492, 498 (7th Cir.1996).

5

Nonetheless, Freeport did offer him a job as a rig worker. Still contends, however, that he is not qualified to perform the basic requirements of the job. He also maintains that no reasonable accommodation would allow him to perform the basic tasks required of a rig worker. Therefore, by his own admission, Still was not qualified for the position.

For the foregoing reasons, we AFFIRM the summary judgment entered by the district court.

AFFIRMED.