IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21016
Summary Calendar

_____

SAMUEL HERNANDEZ,

Plaintiff-Appellant,

v.

ALDINE INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2942)

_____

August 4, 1999

Before KING, Chief Judge, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Samuel Hernandez appeals from the district court's grant of summary judgment on his Americans with Disabilities Act claim in favor of defendant-appellee Aldine Independent School District. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are straightforward. In 1984, plaintiff-appellant Samuel Hernandez began working for defendant-appellee Aldine Independent School District ("AISD" or "the District") as a custodian. In 1991, Hernandez injured his back

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

while moving desks for the District, and in 1992, he suffered another injury while on the job.  After the second injury, Hernandez's physician imposed certain work restrictions on him, and the District placed him in its light duty program, in which Hernandez remained from August 1992 until October 1993, when his doctor decided that he should discontinue working.  After undergoing back surgery, Hernandez reentered the District's light duty program in January 1995 but ceased working on March 25, 1996 in order to have another surgery.

On January 6, 1997, Hernandez's physicians cleared him to return to light duty work.  According to Hernandez's affidavit, the doctors told him that he had "reached maximum medical improvement" and had "sustained permanent physical impairment of sixteen percent to thirty-two percent" to his entire body as a result of his back injury.  That same day, Hernandez reapplied for a light duty custodial position with the District, but Edwin Mercado, one of his supervisors, told him that his work restrictions would prevent him from doing any manual labor.  Hernandez later obtained employment elsewhere as a security guard.

On July 10, 1997, Hernandez filed suit in Texas state court against the District alleging disability discrimination under the Texas Commission on Human Rights Act, TEX. LAB. CODE §§ 21.001-.306.  On August 18, 1997, Hernandez amended his complaint to add claims for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and Title VII of the

2

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and for intentional infliction of emotional distress under Texas common law.  The District then removed the suit to the United States District Court for the Southern District of Texas and filed a motion for summary judgment on all of Hernandez's claims, which the district judge granted.[1]  Hernandez appealed.

## II.  STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court.  See United States v. Johnson, 160 F.3d 1061, 1063 (5th Cir. 1998).  After consulting applicable law in order to ascertain the material factual issues, we consider the evidence bearing on those issues, viewing the facts and the inferences to be drawn therefrom in the light most favorable to the non-movant.  See Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 214-15 (5th Cir. 1998).  Summary judgment is properly granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

---

[1]  The district court did not explicitly address Hernandez's Title VII claim in its Memorandum Opinion and Order, noting only that "Hernandez filed this lawsuit alleging that the refusal to place him back in the light duty work program violated the ADA and Texas Commission on Human Rights Act ("TCHRA") and that Aldine I.S.D. intentionally inflicted emotional distress upon him."  As noted below, however, Hernandez's appeal appears to concern only his ADA claim.

3

### III. DISCUSSION

On appeal, Hernandez argues that the district court erred in determining that he was not a "qualified individual with a disability" entitled to protection under the ADA because he failed to propose a reasonable accommodation that would allow him to perform the essential functions of his job.[2]  The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  The term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."  Id. § 12112(b)(5)(A).  A "disability" includes "a physical or mental

---

[2]  As we noted above, Hernandez also asserted claims for disability discrimination under the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964 and for intentional infliction of emotional distress under Texas common law.  His briefs on appeal, however, address only his ADA claim. We therefore consider all other claims waived.  See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir 1995); see also FED. R. APP. P. 28(a)(6)("The argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."); Gann v. Fruehauf Corp., 52 F.3d 1320, 1328 (5th Cir. 1995) (holding that appellant waived claims on appeal by failing to advance arguments in support of them in the body of his brief).

4

impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). A "qualified individual with a disability" means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. at § 12111(8). Because Hernandez concedes that his back injury prevents him from doing the "regular work," including lifting objects weighing up to 150 pounds, of a District custodian, he is a "qualified individual with a disability" under the ADA only if he can perform the essential functions of that position "with . . . reasonable accommodation."

Although the parties disputed below whether Hernandez was disabled within the meaning of the ADA, the only controversy on appeal is whether the district court properly granted summary judgment on the basis of its conclusions (1) that Hernandez's proposed accommodation was permanent reassignment to light duty and (2) that such an accommodation was unreasonable as a matter of law. We address these issues in turn.

Our review of the record convinces us that there is no genuine issue of material fact as to whether Hernandez asked to be permanently reassigned to light duty. Although there is no testimony about the exact wording of Hernandez's request, he stated at his deposition that he considered his condition permanent and that he wanted to perform only light duty work.

5

For example, the following colloquy took place between Hernandez and the District's counsel:

> Q. [by counsel] Okay. All right. We'll talk about the accident in a--is this a permanent or temporary condition?
> A. Permanent.
> Q. And how do you know that it's permanent?
> A. Because they have operated twice on me--surgery. They have pulled out two disks. They have made transplantation of those disks. They took from my right side to make up those disks.
> Q. Has a doctor ever told you that this is a permanent condition?
> A. Yes, ma'am.

Because of this permanent injury, Hernandez explained, he needed to be accommodated by being assigned to light duty:

> Q. Okay. The place where you work, the hours that you work, everything could change trying to accommodate you with light duty?
> A. Yes, ma'am.
> . . .
> Q. [by counsel] So you are saying that you always were ready to work when they wanted you to work?
> A. Exactly. But the light duty--but not the way I used to work from '84 until '92. I used to work almost 365 days of a year and I didn't have any physical problem. But now that I need it because I'm suffering my pains in my back--of my back--as I repeat now to you, madam, I don't want to be paid for not doing anything. I want to do something. I want to work, but light duty work.

The record thus shows that Hernandez asked for light duty as an accommodation for a disability he knew to be permanent. There is no evidence that he indicated in any way that he was requesting only temporary assignment to light duty. We conclude that there is no genuine issue of fact as to whether Hernandez was requesting a permanent light duty assignment.

We next turn to the question of whether Hernandez met his burden of proving that his proposed accommodation was reasonable. See Riel v. Electronic Data Sys. Corp., 99 F.3d 678, 683 (5th

6

Cir. 1996).[3]  In general, a reasonable accommodation is "a method of accommodation that is reasonable in the run of cases," id. (quoting Barth v. Gelb, 2 F.3d 1180, 1187 (D.C. Cir. 1993)), and while it may include job restructuring, see 42 U.S.C. § 12111(9), the ADA does not require an employer to eliminate or transfer any of the essential functions of a position, see Barber v. Nabors Drilling U.S.A., Inc., 130 F.3d 702, 709 (5th Cir. 1997).  Nor does the ADA require an employer to create a new job as an accommodation.  See Still v. Freeport-McMoran, Inc., 120 F.3d 50, 53 (5th Cir. 1997).  An employer "is not required to create light duty jobs to accommodate disabled employees.  The law does not require affirmative action in favor of individuals with disabilities.  It merely prohibits employment discrimination

---

[3]  Hernandez complains that the district court improperly "placed the burden of establishing [] undue hardship upon [] Hernandez."  We disagree.  The district court concluded that Hernandez failed to propose a reasonable accommodation, not that the reasonable accommodation he suggested would impose an undue hardship upon the District.  The plaintiff, in this case Hernandez, bears the burden of proving that his proposed accommodation is reasonable.  See Riel, 99 F.3d at 683.  Reasonable accommodation and undue hardship are analytically distinct; as Riel pointed out, a reasonable accommodation is "a method of accommodation that is reasonable in the run of cases, whereas the undue hardship inquiry focuses on the hardships imposed by the plaintiff's preferred accommodation in the context of the particular [employer's] operations."  Id. (quoting Barth, 2 F.3d at 1187); see Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F.3d 1052, 1058-59 (5th Cir. 1997) ("The court concluded that this evidence focused upon the plaintiff's specific circumstances and thus could not be used to rebut the plaintiff's showing of an accommodation reasonable in the run of cases, but instead was relevant only to meeting the employer's burden of showing undue hardship.") (discussing Riel, 99 F.3d at 683-84).  As we explain below, the accommodation Hernandez proposed amounted to creating a new position for him.  Such a method of accommodation is not reasonable "in the run of cases."  Riel, 99 F.3d at 683.

7

against qualified individuals with disabilities, no more and no less." Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1094 (5th Cir. 1996) (citation and footnote omitted).

The undisputed evidence in the record shows that the District had only temporary light duty positions. Emitte Roque, the District's Director of Buildings and Properties, stated explicitly in his affidavit that "Aldine has no permanent light duty positions." Hernandez admitted in his deposition that no one had ever informed him that permanent light duty positions were available and that he knew of no one, other than perhaps "teachers that are in wheelchairs," who held permanent light duty positions. Therefore, placing Hernandez in a permanent light duty position would amount to creating a new light duty job as an accommodation. Under the principles we explained above, such an accommodation is not reasonable, and Hernandez therefore cannot demonstrate that he is a qualified individual with a disability. His ADA claim fails.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.