IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-50371
Summary Calendar

———————————

NEAL SHARKEY,

Plaintiff-Appellant,

versus

DAVID MOYA, Senior Warden; CHARLES C. BELL;
KENNETH B. GREEN, JR., Warden; JAMES ROBISON, DR.;
ROCHELLE MCKINNEY, R.N.,

Defendants-Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-112
-------------------------------------------------------------
September 14, 2000

Before SMITH, STEWART and DENNIS, Circuit Judges:

PER CURIAM:[*]

Neal Sharkey (Texas prisoner #679802) has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP, Sharkey is challenging the district court's certification that IFP should not be granted on appeal because an appeal would be frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Sharkey argues that his visual acuity of 20/200 in both eyes and glaucoma in his left eye renders him disabled for the purposes of the Americans with Disabilities Act (ADA). He further

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the defendants' refusal to grant his request for a "one row restriction," or a restriction requiring a first-floor cell, amounted to discrimination under the ADA.

Sharkey has failed to show that he will present a nonfrivolous issue on appeal. As the district court correctly noted, Sharkey has not alleged, much less presented any evidence establishing, that his impaired vision "substantially limited" any major life activity to the extent required by the ADA. See Sutton v. United Airlines, Inc., 119 S. Ct. 2139, 2149 (1999); Still v. Freeport-McMoran, Inc., 120 F.3d 50, 52 (5th Cir. 1997). Accordingly, we uphold the district court's order certifying that the instant appeal presents no nonfrivolous issues. Sharkey's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous will count as a "strike" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Sharkey is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.