WALTER E. DINGUS

*v.*

HOLSTON DEFENSE CORPORATION et al.

362 S.W.2d 249.

(*Knoxville,* September Term, 1962.)

Opinion filed November 9, 1962.

HARRY L. GARRETT, Kingsport, for petitioner.

WILSON, WORLEY & GAMBLE, Kingsport, for respondents.

MR. JUSTICE BURNETT, delivered the opinion of the Court.

This action was filed by Dingus under the Workmen's Compensation Act (sec. 50-1025, T.C.A.) to increase the amount of a previous compensation award granted to the employee, Dingus.

Dingus was injured in 1957 and at a previous hearing for this injury he was awarded, on April 28, 1958, benefits under the Compensation Act based upon a finding of fifty (50%) percent permanent partial disability to the body as a whole.

In July, 1961, a few weeks before the first award would have been paid in full, Dingus filed the present petition to reopen this case and to increase the original award. The Chancellor after hearing proof increased the award from fifty (50%) percent to seventy-five

(75%) percent permanent partial disability to the body as a whole.

The injury to this employee occurred on or about October 30, 1956, in the scope of his employment. At the first trial all the doctors for the petitioner, Dingus, stated that he was totally and permanently disabled. The petitioner likewise testified in substance to this effect. After hearing this proof the Chancellor concluded that he was only entitled to a fifty (50%) percent disability. The proof in the present case for an increase in the award is almost identical with that as submitted in the first case. Probably the only possible difference is that the employee says that he tried to work since that time but has been unable to do so and that he is totally and permanently disabled. This proof though is not substantially different from that proof offered at the first hearing. There is no proof in this record that there has been an increase in the disability of this employee from the time the case was heard the first time and the award there made.

■ Under this statute, and there is no other statute, the sole question for determination of the trier of facts is whether or not there has been an increase or decrease of the incapacity due solely to the injury effective since the date of the original award. *Hartford Hosiery Mills v. Jernigan,* 149 Tenn. 241, 259 S.W. 546.

■ We recently had before us the case of *Reynolds Tobacco Co. v. Rollins,* 203 Tenn. 565, 315 S.W.2d 1, wherein an almost identical factual situation was developed as here. In the Reynolds case this Court concluded that a court hearing a case for an increased amount of a previous compensation award was not authorized to correct mistakes in conclusions of fact drawn from

evidence as to the extent of disability which was considered at the original hearing. It is true that in the Reynolds case the trier of facts made the frank statement that he was attempting to correct a mistake that he had originally made. The Court though did not base that opinion solely upon that statement, but based it upon the consideration of the evidence, which showed that there had been no increase in the disability from that from which the employee suffered at the time of the original trial. In the present case there are some statements made by the trier of facts to the same effect, but the trier of facts concluded that the disability suffered as shown by this record should be increased. A careful study of these facts though bring us to only one conclusion, that is, that the injuries had not increased since the first award. We cite only one statement of the employee's doctor, which in effect embodies the whole proof. Dr. Keener, who likewise testified in the first trial, testified in this trial:

"No, he hasn't made any improvement. In fact, I don't know that he is worse, but he is no better."

There is really no other conclusion that we could reach from reading the testimony herein. There is no factual showing that there has been any increase since the first hearing.

The result is that the judgment of the Chancellor must be reversed and this cause dismissed. The only way that such a mistake could be corrected, if one has been made, at this factual juncture of a compensation award, is for a change in the statute.