**Doug BLACK Plaintiff–Appellant,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY Defendant–Appellee.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel,
at Knoxville.

June 1, 1999.

C. Edward Daniel, Knoxville, for the Appellant.

James T. Shea, IV, Baker, McReynolds, Byrne, O'Kane, Shea & Townsend, Knoxville, for the Appellee.

*Members of Panel:* Justice WILLIAM M. BARKER, Special Judge HOWELL N. PEOPLES, Special Judge JOE C. LOSER, Jr.

## *MEMORANDUM OPINION*

PEOPLES, Special Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with T.C.A. Section 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. The plaintiff, Doug Black, appeals a determination that his disability is limited to 35 percent to the leg because of the Americans with Disabilities Act (ADA). The defendant, Liberty Mutual Insurance Company (carrier for Roadway Express), asserts the award is excessive in that plaintiff sustained no vocational disability. Both parties assert there is no legal basis for the trial court to retain jurisdiction to modify the award if a court determines that the ADA does not apply. We agree that the result of a separate proceeding under the ADA has no bearing on the disability of the employee and accordingly modify the award.

Doug Black was employed by Roadway Express as an over the road truck driver. On September 22, 1995, he injured his left leg as he was exiting his truck. Dr. Joe Luna, an orthopedic surgeon, treated the injury, found torn cartilage in the knee, and did arthroscopic surgery. After the surgery, Mr. Black continued to have mechanical symptoms and giving-away of the leg.

In July 1996, a MRI revealed a possible torn anterior cruciate ligament (ACL). Mr. Black had returned to work and postponed further surgery until November 1996. Dr. William L. Johnson, a partner of Dr. Luna, did a reconstruction of the torn ACL. Mr. Black recovered well from the second surgery, but had a cartilage deficit on the weight-bearing surface of the bone and underwent a third surgery for debridement and drilling of that region of his knee. Dr. Johnson testified, by deposition, that Mr. Black has an 18 percent permanent impairment to his leg as a result of the injury; the only permanent work restriction placed on him was that "he should have a cruise control on his truck, and that was primarily as a safety issue in controlling the foot pedals." Dr. Howard Brown, also an orthopedic surgeon, saw Mr. Black on May 22 and June 23, 1997 for a second opinion. Dr. Brown opined that he has a 10 percent permanent medical impairment according to the *AMA Guides* and no permanent restrictions on activities.

Mr. Black, age 37, graduated from high school in 1977. He received no further formal education or vocational training. His work history included operating a bobcat and truck, working as a laborer for a company installing natural gas lines, and working as a laborer for a homebuilder. He had also been in sales for four or five years, calling on "mom and pop" stores taking orders for clothes, but he testified that the stores, and job, no longer existed.

He had worked for Roadway Express since 1989–1990.

Following his third surgery, Mr. Black attempted to go back to work for Roadway, but a truck with cruise control was not made available to him, and he was not allowed to return to work. At the time of the trial of this case, Mr. Black had filed a separate suit under the Americans with Disabilities Act. The trial judge found that Mr. Black had a 35 percent permanent partial disability to the leg. In accordance with the instructions of the trial judge, the final judgment provided that the award to Mr. Black "is limited by the probability that he will be successful in an Americans with Disabilities lawsuit presently pending." It directed that if he was not successful in the ADA claim, "he can return to this court for an increase in said workers' compensation award as his disability is substantially greater than the thirty-five percent (35%) awarded herein."

■ "Vocational disability is not dependent on the degree of anatomical disability where a permanent condition is established by the medical proof. Rather, it is a function of the employee's earning capacity in the open labor market considering age, education, job skills, vocational training, local job opportunities, and other factors." *Johnson v. Midwesco, Inc.,* 801 S.W.2d 804 (Tenn.1990). Tennessee Code Annotated Section 50–6–241 provides that when an injured employee is returned to work by the employer at the same or greater wage, the maximum permanent partial disability award is two and one-half times the medical impairment rating. If the injured employee is not returned to work, or is paid less than before the injury, the maximum award is capped at six times the impairment rating. Counsel for the parties have not cited, nor have we found, any other authority for imposing limits on a workers' compensation disability award.

■ An award in a workers' compensation case may be reconsidered in limited situations. T.C.A Section 50–6–231 per-

mits modification of an award payable periodically for more than six months (1) by agreement and approval of the court, or (2) on a showing of increase of incapacity due solely to the injury. *Dingus v. Holston Defense Corp.,* 211 Tenn. 20, 362 S.W.2d 249 (1962). Neither of those situations applies to this case. T.C.A. Section 50–6–241(a)(2) permits reconsideration of awards controlled by the multipliers in Section 50–6–241(a)(1), but these provisions apply only to injuries to the body as a whole. *Davis v. Reagan,* 951 S.W.2d 766 (Tenn.1997). Mr. Black's injury is to the leg, a scheduled member, and the provisions of Section 50–6–241 do not apply. T.C.A. Section 50–6–206 permits lump sum settlements to be set aside when the trial court is "shown that the settlement did not secure to the employee in a substantial manner the benefits of the Workers' Compensation Act." *Nails v. Aetna Ins. Co.,* 834 S.W.2d 289 (Tenn.1992). This provision does not apply to an award made after a trial. Rule 60.02 of the Tennessee Rules of Civil Procedure is available in an appropriate case to reconsider a workers' compensation award. See *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94 (Tenn.1993) and the cases cited therein. It has no application to the present case. There is no legal basis for the trial court to reconsider the award based upon the result in the ADA suit.

■ Liberty Mutual asserts that the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* constitutes a valid element for the court to consider in assessing disability. Citing *Macon County v. Dixon,* 20 Tenn.App. 425, 100 S.W.2d 5 (1936), it urges this court to indulge the presumption that employers are aware of their duties pursuant to the ADA and that they are complying with the law. That argument rings hollow where a separate suit has been filed against the employer to enforce the employee's rights under the ADA. The court, in this case, must look to the usual elements considered in assessing disability. "These anatomical disability

ratings are but one factor to consider in measuring vocational disability, the ultimate issue in all workers' compensation cases .... The test is whether there has been a decrease in the employee's capacity to earn wages in any line of work available to the employee.... The assessment of this disability is based on all pertinent factors, including lay and expert testimony, the employee's age, education, skills and training, local job opportunities, and capacity to work at the types of employment available in his disabled condition.... The claimant's own assessment of his physical condition and resulting disabilities is competent testimony and cannot be disregarded." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672 at 677–8 (Tenn. 1991) (citing *Newman v. National Union Fire Ins. Co.*, 786 S.W.2d 932 (Tenn.1990) and *Corcoran v. Foster Auto GMC, Inc.*, 746 S.W.2d 452 (Tenn.1988)).

The trial court (and Dr. Johnson) believed Mr. Black's testimony that he was unable to drive a vehicle not equipped with cruise control. That determination is entitled to deference on review. *Townsend v. State*, 826 S.W.2d 434 (Tenn.1992). Given Mr. Black's work history, his lack of education or vocational training after high school, his medical impairment of 18 percent to the leg, and his inability to drive a vehicle without cruise control, he has suffered a significant loss of earning capacity. Having found that the trial court could not limit the award, or reconsider it, based on the result in the employee's claim based on the Americans with Disabilities Act, we modify the judgment and award benefits for 60 percent disability to the left leg. The case is remanded for enforcement of the judgment as modified. Costs of the appeal are taxed to Liberty Mutual Insurance Company.

WILLIAM M. BARKER, Justice and JOE C. LOSER Jr., Special Judge, concur.