**Randall BANKS, Plaintiff–Appellant,**

**v.**

**BROWN–FORMAN CORPORATION, doing business as Jack Daniel's Distillery, Defendant–Appellee.**

No. 03–5758.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

Randall Banks, Tullahoma, TN, for Plaintiff-Appellant.

Keith D. Frazier, Elizabeth S. Washko, Ogletree, Deakins, Nash, Smoak, & Stew-

art, Nashville, TN, for Defendant-Appellee.

Before ROGERS and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

### ORDER

Randall Banks, a Tennessee citizen, appeals pro se the summary judgment for defendant in an action he filed under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Tennessee Handicap Discrimination Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Banks filed a complaint through counsel against his former employer, raising claims under the above statutes as well as a claim of retaliation for filing a workers' compensation action, which he later expressly abandoned. Banks worked for defendant in its warehouse from 1989 to 2001. The work involved maneuvering barrels weighing approximately 500 pounds when full and 100 pounds when empty. In 2000, he underwent shoulder surgery, returning to work in August on temporary light duty status. In February 2001 he informed defendant that his restrictions on lifting and working overhead were permanent. He was placed on medical leave of absence, but requested to be returned to light duty in March. In June 2001, Banks was terminated.

The district court granted defendant's motion for summary judgment. On appeal, Banks argues that he submitted sufficient evidence to raise questions for a jury as to whether he is disabled and whether defendant offered him a reasonable accommodation.

Upon consideration, we conclude that the summary judgment for defendant must be affirmed for the reasons stated by the district court. Summary judgment was proper because Banks failed to establish the existence of elements essential to his case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ In order to recover under the ADA, Banks was required to show that he is disabled. *Cassidy v. Detroit Edison Co.,* 138 F.3d 629, 633 (6th Cir.1998). This requires showing that he has an impairment which prevents or severely restricts him from doing activities that are of central importance to most people's daily lives. *Toyota Motor Mfg. Ky., Inc. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Banks argues that he is restricted from performing a broad range of heavy labor because he cannot lift more than thirty-five pounds. However, the courts have concluded that such restrictions preclude only a narrow range of work and do not constitute a disability. *See, e.g., McKay v. Toyota Motor Mfg. U.S.A., Inc.,* 110 F.3d 369, 373 (6th Cir.1997). Therefore, the district court properly concluded that Banks had not established that he is disabled.

■ Moreover, Banks was also required to establish that he was able to perform the essential functions of the job with reasonable accommodation. *Black v. Roadway Express, Inc.,* 297 F.3d 445, 448 (6th Cir.2002). Banks essentially argues that he should have been permitted to continue working on light duty status. However, an employer does not concede that a function is non-essential by temporarily accom-

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

modating an employee. *Laurin v. Providence Hosp.,* 150 F.3d 52, 61 (1st Cir.1998). Nor is an employer required to shift difficult tasks to a worker's fellow employees. *Hoskins v. Oakland County Sheriff's Dep't,* 227 F.3d 719, 729 (6th Cir.2000). Banks admitted that he was not capable of performing his previous job without shifting some of his functions to others. He also argued that he should have been permitted to take a job which involved only driving and no lifting. However, defendant showed that this position was filled under a seniority system which it was not required to violate to accommodate Banks. *U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 401–03, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002).

Because Banks failed to establish either that he was disabled or that he could be reasonably accommodated, the summary judgment for defendant is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.