**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0049n.06
Filed: October 28, 2004

No. 03-5751

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RICK STOKES, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| HAMILTON COUNTY, | ) | |
| TENNESSEE, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellee.** | ) | |
| | ) | |

**Before: MOORE, and SUTTON, Circuit Judges, and ADAMS,[*] District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff-Appellant Rick Stokes ("Stokes")

appeals the district court's grant of summary judgment for Defendant-Appellee Hamilton County,

Tennessee ("Hamilton County"). Stokes filed a complaint against his employer, Hamilton County,

in August of 2001 alleging discrimination in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 *et seq.* Stokes claimed that he was disabled for the purposes of the

ADA because of job-related injuries as well as past treatment for kidney cancer and that Hamilton

County discriminated against him on the basis of these disabilities by refusing to offer him

reasonable accommodations. Hamilton County moved alternatively for dismissal of the complaint

or for summary judgment, claiming that Stokes was not disabled as his injuries did not substantially

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of
Ohio, sitting by designation.

limit any of his major life activities nor did Hamilton County mistakenly believe that they did. The district court granted Hamilton County's motion for summary judgment in part and its motion to dismiss under Rule 12(b)(6) as to the remainder of Stokes's complaint.

Because we conclude that Stokes did not sufficiently allege or provide evidence suggesting that he qualifies as disabled for purposes of the ADA, we AFFIRM the district court's judgment.

## I. BACKGROUND

Stokes became employed by the Hamilton County Medical Services as an emergency medical technician ("EMT") in January 1993. In August 1997, he was diagnosed with kidney cancer and took a medical leave of absence in order to obtain treatment. Stokes returned to work in November 1997 and worked three shifts that month on November 24th, November 27th, and November 30th. During his shift on November 30th, Stokes suffered injuries to his left knee and stomach while attempting to pick up a stretcher holding a patient.

Following these injuries, Hamilton County enrolled Stokes in a work-hardening program which was intended to provide Stokes with physical therapy and enable him to return to work as an EMT. Stokes alleges that, because of improper exercises that he was required to perform during the program, he developed carpal tunnel syndrome in one of his wrists and a back injury. Stokes later underwent surgery to correct the injury to his wrist. In total these injuries left Stokes with an estimated 6% permanent partial impairment consisting of a 1% partial impairment to his knee and a 5% partial impairment to his back. Additionally, Stokes alleges that the injury to his stomach primarily prevents him from doing heavy lifting, likely as a result of an abdominal hernia.

During his participation in the work-hardening program, Stokes requested as an accommodation to be reassigned as an EMT dispatcher. While Stokes's supervisor thought this

might be a possibility, Stokes was never reassigned nor did he formally apply for the dispatcher job. Stokes believes that he was not given the position because a County doctor reviewed the requirements for the job and informed the County's Risk Management Department that Stokes's wrist injury would preclude him from being a dispatcher. Stokes's employment was then terminated by the County on August 12, 1999. Stokes alleges he was terminated for two reasons: first, that his injury left him unable to lift heavy objects such as patients and stretchers; second, that Hamilton County was concerned about having to pay for his medical costs if he suffered a recurrence of cancer.

On August 10, 2001, Stokes filed a complaint against Hamilton County in the United States District Court for the Eastern District of Tennessee. In his complaint, Stokes alleged that his injuries and past battle with cancer constituted a disability under the ADA and that Hamilton County's refusal to provide him with a position as a dispatcher or a position as an EMT on a three-person ambulance violated the ADA. Hamilton County then moved to dismiss the complaint or, in the alternative, for summary judgment, claiming that Stokes's physical impairments did not constitute a disability under the ADA. The parties having consented to final disposition by a magistrate judge pursuant to 28 U.S.C. § 636(c), on May 6, 2003, a magistrate judge issued an order granting Hamilton County's motion. In his accompanying opinion, the magistrate judge determined that Stokes's claim of discrimination on the basis of an actual disability should be dismissed on summary judgment as Stokes's impairment did not amount to an actual disability under the ADA. The magistrate judge granted Hamilton County's motion to dismiss pursuant to Rule 12(b)(6) as to Stokes's claim of discrimination on the basis of a perceived disability because Stokes failed even

3

to allege that Hamilton County mistakenly believed his impairment would substantially limit his ability to work. Stokes timely appeals.

## II. ANALYSIS

### A. Standard of Review

This court reviews de novo a district court's dismissal of a claim pursuant to Rule 12(b)(6). *Central States, Southeast & Southwest Areas Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). A claim should be dismissed only if, accepting all of the plaintiff's allegations in the complaint as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996) (citation omitted).

Similarly, we review de novo district court orders granting summary judgment. *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 252 (6th Cir. 2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We view all evidence at this stage in the light most favorable to the nonmoving party. *Black v. Roadway Express, Inc.,* 297 F.3d 445, 448 (6th Cir. 2002).

### B. Elements of a Prima Facie Case of Disability Discrimination Under the ADA

"A person seeking relief under the ADA for termination must establish (1) that [he] is a disabled person within the meaning of the Act, (2) that [he] is qualified to perform the essential functions of [his] job with or without reasonable accommodation, and (3) that [he] suffered an adverse employment decision because of [his] disability." *Gilday v. Mecosta County*, 124 F.3d 760,

762 (6th Cir. 1997) (citation omitted). Thus, the threshold issue is whether Stokes qualifies as disabled within the meaning of the ADA. *Burns*, 222 F.3d at 253. Under the ADA, an individual is disabled if he: (1) has a physical or mental impairment that substantially limits one or more of his major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2). In this case, Stokes alleges both that he has a physical impairment that substantially limits his major life activity of working and that he is regarded by Hamilton County as having an impairment because of his past kidney-cancer treatment.

## C. Claim of Discrimination Based on Actual Disability

In determining that Stokes is not disabled, the magistrate judge conceded that Stokes had a physical impairment as a result of injuries to his back, stomach, wrist, and knee but concluded that there was no evidence that this physical impairment "substantially limits one or more of [his] major life activities." 42 U.S.C. § 12102(2)(A). A major life activity is one which is "of central importance to daily life." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 197 (2002). "Substantially limits" means either that an individual is "unable to perform" or "significantly restricted" in his performance of a major life activity. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999); 29 C.F.R. § 1630.2(j)(1).

Stokes claims that his physical ailments substantially limit his ability to work, namely, that his injuries prevent him from comfortably lifting heavy objects. In order to succeed on such a claim, Stokes must provide evidence that, "at a minimum," indicates that he is "unable to work in a broad class of jobs." *Sutton,* 527 U.S. at 491 (citing 29 C.F.R. § 1630.2(j)(3)(i)). It is insufficient for Stokes to claim he can no longer work as an EMT because "[t]he inability to perform a single,

5

particular job does not constitute a substantial limitation in the major life activity of working." *Id.*, (quoting 29 C.F.R. § 1630.2(j)(3)(i)).

Stokes has provided no evidence that his injuries prevent him from engaging in a wide range of jobs. On the contrary, Stokes stated that he is physically qualified to perform a variety of jobs including working as a reserve police officer, a highway patrolman, and a H.E.L.P. (Highway Emergency Lane Patrol) truck driver. Joint Appendix ("J.A.") at 61, 71, 98 (Stokes Dep.). Stokes has also failed to demonstrate that his "limited impairment . . . will have a long term impact" on his ability to seek work. *Minnix v. City of Chillicothe*, No. 98-4285, 2000 WL 191828, at *2 (6th Cir. 2000) (affirming grant of summary judgment for employer where employee stated he could still work). Therefore, Stokes has failed to produce evidence indicating that his injuries substantially limited his ability to work. The district judge properly granted summary judgment on this ground.

**D. Claim of Discrimination Based on Perceived Disability**

The magistrate judge dismissed pursuant to Rule 12(b)(6) Stokes's claim of discrimination based on a perceived disability because the complaint failed to identify any link between the perceived disability, in this case cancer, and Hamilton County's mistaken belief as to Stokes's ability to perform as an EMT. In order to assert discrimination based upon a perceived disability, Stokes must allege that Hamilton County "entertain[ed] misperceptions" about Stokes's past battle with cancer which related to his ability to perform his job. *Sutton*, 527 U.S. at 489.

Stokes's complaint fails to meet this threshold standard. The complaint alleges that Stokes was discharged because Hamilton County was concerned that his cancer would relapse and result in future expenses for the County. J.A. at 8 (Compl.). This allegation does not suggest that Stokes was fired because Hamilton County mistakenly perceived that his history of cancer would

substantially limit his ability to work as an EMT. Instead, the complaint asserts that Hamilton County's decision was based on fiscal concerns. These allegations fail to state a claim upon which relief can be granted under the ADA because they do not assert that Stokes was terminated because Hamilton County "mistakenly regarded him as disabled." *Mahon v. Crowell,* 295 F.3d 585, 593 (6th Cir. 2002) (no perceived disability where employee alleged he was discriminated against so that employer could reduce its worker compensation payments).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Stokes's action.